# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROSALAND LEWIS-JOHNSON, <br>       Appellant, | DOCKET NUMBER <br> PH-315H-16-0437-I-1 |
|     v. | |
| DEPARTMENT OF DEFENSE, <br>       Agency. | DATE: January 24, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosaland Lewis-Johnson, Auburn Hills, Michigan, pro se.

David Gallagher and John A. Greenlee, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant filed a Board appeal alleging that her resignation was involuntary and that she was forced to resign in lieu of removal. Initial Appeal File (IAF), Tab 1. She asserted that she received no warning or corrective action prior to her proposed removal and that the agency provided her only 24 hours to decide whether to resign or be removed. *Id*. at 5. Because it appeared that the Board may not have jurisdiction over her appeal, the administrative judge ordered the appellant to submit evidence and argument establishing a nonfrivolous allegation of jurisdiction. IAF, Tab 2. The appellant responded that the Board has jurisdiction over her appeal because she was not required to serve a probationary period. IAF, Tab 3. The agency thereafter filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant was a probationary employee and, alternatively, that the appeal should be dismissed as untimely filed. IAF, Tab 13. The administrative judge subsequently issued an order instructing the parties to address the issue of whether the appellant had standing to appeal and, if so, whether the appellant's resignation was involuntary. IAF,

Tab 14.  The parties also were instructed to address the timeliness of the appeal. *Id*.

¶3        In response, the agency reasserted that the appeal should be dismissed for lack of jurisdiction because the appellant lacked standing to appeal to the Board. IAF, Tab 15 at 7-8.  The appellant responded, again arguing that she is not a probationary employee and that she was forced to resign in lieu of removal.  IAF, Tabs 16-17.

¶4        Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 18, Initial Decision (ID).  He found that under *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶¶ 8-10 (2008), the appellant's prior service with a different agency could be tacked onto her current competitive service to satisfy the 1 year of current continuous service required to meet the definition of "employee" in 5 U.S.C. § 7511(a)(1)(A).  ID at 3-5.  Thus, he found that the appellant was not a probationary employee and that she had standing to appeal an adverse action to the Board.  ID at 5.  Nevertheless, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction over her involuntary resignation claim.  ID at 5-7.  Specifically, the administrative judge found that the appellant failed to nonfrivolously allege that the agency coerced her into resigning, that she resigned after being given misinformation, or that her resignation was otherwise involuntary.  ID at 10.  In light of this disposition, the administrative judge did not address the timeliness issue.  ID at 8-10 n.3.

¶5        The appellant has filed a timely petition for review in which she challenges the administrative judge's findings regarding voluntariness.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied to that response.  PFR File, Tabs 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has failed to make a nonfrivolous allegation that her resignation was involuntary.</u>

¶6      The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 9 (2009). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Id*. Section 7513(d) of title 5 grants the Board jurisdiction to hear appeals of certain enumerated adverse actions, including the agency's removal of an employee. *Id*. An employee's voluntary action, such as a resignation, generally is not appealable to the Board. *Id.* However, an involuntary resignation is equivalent to a forced removal and is a matter within the Board's jurisdiction. *Id*. In a case involving such an alleged constructive removal, once the appellant presents nonfrivolous allegations of Board jurisdiction—allegations of fact that if proven would establish the Board's jurisdiction—the appellant is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Id*.

¶7      Resignations are presumed to be voluntary, and the appellant bears the burden of proving otherwise. *Id*., ¶ 12. To overcome the presumption that a resignation was voluntary, the employee must show that the resignation was the result of the agency's misinformation or deception, or that the resignation was coerced by the agency. *Id*. To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation, the employee had no realistic alternative but to resign, and the employee's resignation was the result of improper acts by the agency. *Id*. The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id*. If an employee claims that her resignation was coerced by the agency creating intolerable working conditions, she must show a reasonable employee in her position would have found the

working conditions so difficult or unpleasant that they would have felt compelled to resign. *Id*. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Id*. For the reasons discussed below, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that her resignation was involuntary.

¶8      Here, the appellant reiterates on review her version of the events leading up to her resignation and reasserts the claims she raised below, i.e., that the agency proposed her removal, that she was coerced to resign because she was placed on administrative leave after the agency proposed her removal, and that the agency did not provide her enough time to decide whether to resign in lieu of being removed. PFR File, Tabs 1, 8.

¶9      However, as the administrative judge correctly found, the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of her ultimate choice of resignation unless the employee can show that the agency knew or should have known that the reason for the threatened removal could not be substantiated. *See Schultz v. U.S. Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987). Here, although the appellant clearly contests the merits of the proposed removal, we agree with the administrative judge's finding that the appellant has made no factual allegations that would even suggest that the agency was aware that it could not prove its charges. ID at 8; *see Schultz*, 810 F.2d at 1136-37. Accordingly, we agree with the administrative judge's conclusion that the appellant failed to nonfrivolously allege coercion. *Axsom*, 110 M.S.P.R. 605, ¶ 17 (finding that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action).

¶10     Regarding the appellant's assertion that she resigned under duress because she was provided only 24 hours to decide whether to resign or face removal, the U.S. Court of Appeals for the Federal Circuit has found under similar

circumstances that giving an appellant approximately 1 hour to decide whether to resign or face discipline did not make the decision involuntary because the agency was not obligated to make the offer at all. *See Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1331, 1335 (Fed. Cir. 2008). Thus, we find that the administrative judge properly found that the appellant failed to nonfrivolously allege duress.

¶11     Additionally, the appellant appears to assert on review that her resignation was the result of race and age discrimination and retaliation for her prior equal employment opportunity activity. PFR File, Tab 1 at 4. We have examined these claims insofar as they relate to the involuntariness of her decision to resign, and conclude that they fail to raise a nonfrivolous allegation of involuntariness. *See Axsom*, 110 M.S.P.R. 605, ¶¶ 12, 17.

¶12     Finally, to the extent the appellant has submitted documents on review in an effort to support her involuntary resignation claim, she has provided no showing as to why these documents were unavailable below. PFR File, Tab 8 at 17-27. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Therefore, we have not considered these documents. Nevertheless, even if we were to consider the appellant's untimely submitted evidence, the documents do not support a nonfrivolous allegation that her resignation was involuntary and they are, thus, immaterial. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Accordingly, we find no basis upon which to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

                        /s/ for
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.